IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| ELI LILLY AND CO., et al.,<br><br>Plaintiffs-Appellants–Cross-appellees,<br><br>v.<br><br>XAVIER BECERRA, et al.,<br><br>Defendants-Appellees–Cross-appellants, | Nos. 21-3128, 21-3405 |

**AMENDED JURISDICTIONAL STATEMENT**

Pursuant to the Court's order of July 1, 2022, the federal Defendants-Appellees–Cross-appellants submit this amended jurisdictional statement.

Because the federal defendants are appellees under Federal Rule of Appellate Procedure 28.1(b), we offer the statement required under Circuit Rule 28(b) that the jurisdictional summary in the appellants' brief is correct but not complete to the extent that additional information is necessary concerning the jurisdiction over the federal defendants' cross-appeal.

Plaintiffs sued the federal defendants under the Administrative Procedure Act and the Declaratory Judgment Act, and invoked the district court's jurisdiction under 28 U.S.C. § 1331. Dkt. No. 103, at 9, ¶¶ 8-9 (Second Amended Complaint). Plaintiffs challenged an advisory opinion,

an enforcement letter, and a rulemaking issued by the U.S. Department of Health and Human Services (HHS). *Id.* at 99-100. The advisory opinion and enforcement letter concerned plaintiffs' obligations under 42 U.S.C. § 256b(a) to sell drugs that plaintiffs manufacture at statutorily discounted prices to covered entities that dispense those drugs through outside pharmacies. SA2. The rulemaking concerns the establishment of an administrative dispute resolution process that Congress directed HHS to establish under 42 U.S.C. § 256b(d)(3) to resolve specific disputes between covered entities and drug manufacturers. SA2 n.1.

The district court entered partial final judgment under Federal Rule of Civil Procedure 54(b) on the challenges to the advisory opinion and enforcement letter on October 29, 2021. SA66. In that judgment, the court set aside, vacated, and remanded the enforcement letter to HHS based on Count XII of plaintiffs' complaint (alleging that the letter was arbitrary and capricious). *Id.* The court otherwise rejected plaintiffs' challenge to the enforcement letter. *Id.* With respect to plaintiffs' challenge to HHS's rulemaking, the court stated that it would address the parties' cross-motions for summary judgment "in due course," and plaintiffs' claims regarding the rulemaking remain pending in the district court. SA62.

Plaintiffs filed a notice of appeal on November 10, 2021 (Dkt. No. 146), and the federal defendants filed a cross-appeal on December 28, 2021 (Dkt. No. 151), which was within the 60 day period allowed under Federal Rule of Appellate Procedure 4(a)(1)(B). The federal defendants' cross-appeal seeks review of the district court's judgment vacating the enforcement letter and remanding it to HHS.

After these appeals were noticed, this Court issued a limited remand for the district court to issue an amended partial final judgment "that fully and completely implements its decision, declaring specifically and separately the respective rights of the parties." Dkt. 155 (Seventh Circuit Order). The Seventh Circuit explained that once the district court amended its order "the original appeal will come into force" and "[a]n amended notice of appeal is unnecessary." *Id.* The district court then issued its amended judgment on April 14, 2022, declaring, in part, that HHS's enforcement letter "is arbitrary and capricious under 5 U.S.C. § 706." SA70-71. This Court has jurisdiction under 28 U.S.C. § 1291.

Respectfully submitted,

*/s/ Daniel Aguilar*

DANIEL AGUILAR
(202) 514-5432
Attorney, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

JULY 2022

**CERTIFICATE OF SERVICE**

I certify that on July 5, 2022, I filed a copy of this amended jurisdictional statement with the Clerk of Court for the Seventh Circuit Court of Appeals through the Court's CM/ECF system, which will serve counsel for all parties.

*/s/ Daniel Aguilar*
Daniel Aguilar